# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY URIOSTE, | 1:07-cv-01164-LJO-SMS (HC) |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
|     v. | |
| MENDOZA-POWERS, Warden | [Doc. 12] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a conviction for first degree murder, robbery and burglary.

In the instant federal petition for writ of habeas corpus, filed on August 10, 2007, Petitioner challenges the Board of Parole Hearings' (BPH) April 7, 2005, decision finding him unsuitable for parole.

On or about April 11, 2006, Petitioner filed a state petition for writ of habeas corpus in the Los Angeles County Superior Court, challenging the BPH's decision.   The petition was denied on December 27, 2006.  (Exhibit 1, to Respondent's Motion.)

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.  (Court Docs. 1, 12.)

1

On or about January 17, 2007, Petitioner filed a state petition for writ of habeas corpus in the California Court of Appeal, Second Appellate District. The petition was denied on April 18, 2007. (Exhibit 1, to Respondent's Motion.)

On or about April 26, 2007, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The petition was denied on July 18, 2007. (Exhibit 1, to Respondent's Motion.)

The instant federal petition for writ of habeas corpus was filed on August 10, 2007.

Respondent filed the instant motion to dismiss on October 16, 2007. (Court Doc. 12.) Petitioner filed an opposition on October 29, 2007, and Respondent filed a reply on November 2, 2007. (Court Docs. 14, 15.)

## DISCUSSION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States

Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent argues that Petitioner did not exhaust his state judicial remedies for all but one of his claims, and the petition should be dismissed.

In the instant petition for writ of habeas corpus, Petitioner raises the following three claims for relief: (1) due process violation because the Board's decision to deny parole was not supported with sufficient evidence; (2) due process and equal protection violation when Board "failed to fix his term proportionate to that of similar crimes;" and (3) there was an "illegal agenda" and "conspiracy with the Executive Branch . . . to deny parole to petitioner and virtually all similarly situated persons" in violation of the Ex Post Facto and Double Jeopardy Clauses in the Federal Constitution as well as the Sixth, Seventh, and Fourteenth Amendments.  (Petition, Supporting Points and Authorities, at pp. 1, 4-5.)

In his petition presented to the California Supreme Court, Petitioner raised the single

claim that he was denied due process because there was "no evidence in the record to support the [Board's] denial of parole." (Exhibit 1, to Respondent's Motion.) Petitioner did not raise the proportionality or conspiracy issues or even mention the Equal Protection, Ex Post Facto, and Double Jeopardy Clauses of the Federal Constitution. (<u>Id</u>.) Accordingly, by failing to present these issues to the California Supreme Court for review, Petitioner has deprived the state's highest court of rendering a decision on the merits of such claims. Subject to holding the petition in abeyance pending exhaustion of state judicial remedies, the Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. See <u>Rose</u>, 455 U.S. at 521-22.

In his traverse, Petitioner contends vaguely that he has exhausted all the claims raised in the petition, and states that the Court has the ability to stay the petition and hold it in abeyance. In the alternative, Petitioner requests that the Court proceed with the single exhausted claim, if Respondent's motion is deemed to have merit.

First, as previously stated, the petition presented to the California Supreme Court raised only the claim challenging the sufficiency of the evidence, no other claims were raised. Second, although the Court does have discretion to stay the mixed petition and hold it in abeyance pending exhaustion of state court remedies, Petitioner has not met his burden under <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005).[2] Specifically, Petitioner has failed to demonstrate "good cause" for his failure to exhaust the unexhausted claims. <u>Rhines</u>, 544 U.S. at 277. Lastly, the Court will grant Petitioner's request to dismiss the unexhausted claims, and proceed to the merits of the single exhausted claim. Respondent's motion to dismiss the entire petition as a "mixed" petition is therefore moot.

RECOMMENDATION

---

[2] In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. The Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines</u>, 544 U.S. at 277; 125 S.Ct. at 1535.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the entire petition be DENIED, as moot;
2. Petitioner's request to dismiss the unexhausted claims be GRANTED; and
3. The action proceed on the claim that there was insufficient evidence to support the Board's decision to deny parole.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 19, 2007**                      /s/ Sandra M. Snyder
                                                             UNITED STATES MAGISTRATE JUDGE